[No. B168501. Second Dist., Div. Five. Apr. 13, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY DAVID STEWART, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the indicated portions on page.

## Counsel

Cannon & Harris and Gregory L. Cannon for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Jaime L. Fuster and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**TURNER, P. J.**—Defendant, Larry David Stewart, appeals from a judgment of conviction, following a court trial, of 10 counts of committing a lewd act upon a child in violation of Penal Code[1] section 288, subdivision (c)(1). Defendant was sentenced to prison and ordered to pay a section 1202.4, subdivision (b)(1) restitution fine; in the event he violated the conditions of parole, pay an additional section 1202.45 parole restitution fine; make victim restitution pursuant to section 1202.4, subdivision (f); provide blood and saliva samples as well as right thumbprint and palm print exemplars as mandated by section 296, subdivision (a); and register as a sex offender as required by section 290, subdivision (a)(2)(A).

Additionally, the trial court imposed a section 290.3, subdivision (a) sex offender fine. But the trial court did not also impose any section 1464, subdivision (a) or Government Code section 76000, subdivision (a) penalty assessments on the section 290.3, subdivision (a) sex offender fine. In the published portion of this opinion, we discuss whether the trial court should have also assessed both section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments on the section 290.3, subdivision (a) sex offender fine.

As explained previously, the trial court imposed a $200 sex offender fine pursuant to section 290.3, subdivision (a), which states: "Every person who is convicted of any offense specified in subdivision (a) of Section 290 shall, in addition to any imprisonment or fine, or both, imposed for violation of the underlying offense, be punished by a fine of two hundred dollars ($200) upon the first conviction or a fine of three hundred dollars ($300) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine." However, the trial court did not impose any section 1464, subdivision (a) or Government Code section 76000, subdivision (a) penalty assessments on the section 290.3, subdivision (a) sex offender fine. We conclude those assessments should have been imposed.

This is an issue of statutory interpretation. We apply the following standard of statutory review described by the California Supreme Court: "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent." (*Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826 [25 Cal.Rptr.2d 148, 863 P.2d 218]; *People v. Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) The Supreme

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

Court has emphasized that the words in a statute selected by the Legislature-must be given a "commonsense" meaning when it noted: " 'Our first step [in determining the Legislature's intent] is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. (*Mercer v. Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 [280 Cal.Rptr. 745, 809 P.2d 404]; *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)' (*People v. Valladoli* (1996) 13 Cal.4th 590, 597 [54 Cal.Rptr.2d 695, 918 P.2d 999].)" (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) Further, our Supreme Court has noted: " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . .' " (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934]; accord *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1154 [119 Cal.Rptr.2d 922, 46 P.3d 388] [language in § 1464, subd. (a) unequivocal].)

■ Section 1202.4, subdivision (a)(2) provides, "Upon a person being convicted of any crime in the State of California, the court shall order the defendant to pay a fine in the form of a penalty assessment in accordance with Section 1464." Section 1464, subdivision (a) states in pertinent part, "[T]here shall be levied a state penalty, in an amount equal to ten dollars ($10) for every ten dollars ($10) or fraction thereof, upon *every fine*, penalty, or forfeiture imposed and collected by the courts for criminal offenses . . . ." (Italics added.) Government Code section 76000, subdivision (a) provides for an additional assessment as follows: "In each county there shall be levied an additional penalty of seven dollars ($7) for every ten dollars ($10) or fraction thereof which shall be collected together with and in the same manner as the amounts established by Section 1464 of the Penal Code, upon *every fine*, penalty, or forfeiture imposed and collected by the courts for criminal offenses . . . ." (Italics added.) The penalty assessment statutes apply to all fines collected by the criminal courts. Applying a commonsense meaning to the clear and unambiguous words used by the Legislature, we conclude the "fine" imposed pursuant to section 290.3, subdivision (a) is subject to section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessment provisions. The trial court's failure to impose section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments is a jurisdictional error which can be corrected for the first time on direct appeal. (*People v. Talibdeen, supra*, 27 Cal.4th at p. 1157 [failure to impose penalty assessments on Health & Saf. Code, § 11372.5, subd. (a) drug fee a jurisdictional error]; *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1521 [77 Cal.Rptr.2d 492] [same].) Therefore, the section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments must be imposed on the $200

section 290.3, subdivision (a) sex offender fine. Upon issuance of the remittitur, the judgment is to be modified to reflect a section 1464, subdivision (a) penalty assessment of $200. Additionally, the judgment is to be modified to reflect a Government Code section 76000, subdivision (a) penalty assessment in the sum of $140. (*People v. Talibdeen, supra,* 27 Cal.4th at p. 1151; *People v. Martinez, supra,* 65 Cal.App.4th at p. 1521.)

█ The nonjurisdictional nature of the failure to impose the section 290.3, subdivision (a) sex offender fine is distinct from the jurisdictional character of the neglect to require an accused to pay the section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments. If a trial court fails, without explanation, to impose the section 290.3, subdivision (a) sex offender fine, that is not a jurisdictional error. As noted previously, section 290.3, subdivision (a) states the fine must be imposed unless the trial judge finds the accused "does not have the ability to pay the fine." Our colleague Associate Justice Vance Raye of the Third Appellate District has observed that if the trial judge neglects to make an inability-to-pay finding, the failure to impose the section 290.3, subdivision (a) sex offender fine is not a jurisdicitional error. (*People v. Burnett* (2004) 116 Cal.App.4th 257, 261–262 [9 Cal.Rptr.3d 885].) Associate Justice Raye explained: "Because factual issues come into play in determining whether a defendant has the ability to pay the section 290.3 fine, the failure to impose the fine is 'not correctable without considering factual issues presented by the record or remanding for additional findings.' [Citation.] On a silent record, we presume the trial court determined that defendant did not have the ability to pay and thus should not be compelled to pay the fine. [Citations.] This presumption is a logical extension of the rule 'concerning the presumption of regularity of judicial exercises of discretion apply[ing] to sentencing issues.' [Citations.] We presume the court lawfully performed its duty in imposing sentence. [Citations.] For example, in *People v. Clark* (1992) 7 Cal.App.4th 1041, 1050 [9 Cal.Rptr.2d 726], where a drug program fee (Health & Saf. Code, § 11372.7) was imposed but the record was silent as to the defendant's ability to pay, the Court of Appeal presumed the trial court found the defendant had the ability to pay the fee. On a similarly silent record, the Court of Appeal in *People v. Martinez*[, *supra,*] 65 Cal.App.4th [at page] 1518 held that a judgment that fails to impose the drug program fee is not a legally unauthorized judgment because it is presumed the trial court found the defendant did not have the ability to pay." (*People v. Burnett, supra,* 116 Cal.App.4th at pp. 261–262.) By contrast, there is no ability-to-pay proviso for the section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments. Once the section 290.3, subdivision (a) sex offender fine is imposed, the trial court is duty bound to require the accused to pay the additional section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments. The failure to impose the section 1464, subdivision (a) and Government Code

section 76000, subdivision (a) penalty assessments was a jurisdictional error which may be raised for the first time on appeal even though the prosecutor never raised the issue in the trial court.

\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is modified to impose a Penal Code section 1464, subdivision (a) penalty assessment in the sum of $200. Also, the judgment is modified to impose a $140 penalty assessment pursuant to Government Code section 76000, subdivision (a). Upon issuance of the remittitur, the clerk of the superior court is to issue an amended abstract of judgment which reflects the entirety of the sentence already imposed by the trial court and the penalty assessments discussed in this opinion. The judgment is affirmed in all other respects.

Grignon, J., and Mosk, J., concurred.

On April 16, 2004, the opinion was modified to read as printed above.

---

\*See footnote, *ante*, page 907.