[No. B198077. Second Dist., Div. Five. Mar. 14, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
RONDIE LAMONT WALZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of Background and Discussion, part A.

**COUNSEL**

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Victoria B. Wilson and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

**O**PINION

MOSK, J.—

## INTRODUCTION

A jury convicted defendant and appellant Rondie Lamont Walz (defendant) of one count each of forcible rape (Pen. Code, § 261, subd. (a)(2))[1] (count 1); forcible oral copulation (§ 288a, subd. (c)(2)) (count 2); sexual penetration by a foreign object (§ 289, subd. (a)(1)) (count 3); and misdemeanor battery (§§ 242, 243, subd. (a)) (count 5). The trial court granted defendant's motion for a judgment of acquittal (§ 1118.1) on a charge of kidnapping to commit rape (§ 209, subd. (b)(1)), and the jury found the burglary allegations not true with respect to counts 1, 2, and 3.

The trial court sentenced defendant to 18 years in state prison, consisting of the middle term of six years on count 1, and full consecutive six-year middle terms on counts 2 and 3 pursuant to section 667.6, subdivision (c). The trial court sentenced defendant to a concurrent term of 180 days on count 5. The trial court awarded defendant 124 days of presentence credit, consisting of 108 days of actual custody and 16 days of conduct credit.[2] The trial court imposed a $200[3] sex offender fine (§ 290.3); a $200 restitution fine (§ 1202.4); a $200 parole restitution fine, stayed (§ 1202.45); and a $20 court security fee (§ 1465.8, subd. (a)(1)).

Defendant argues on appeal that the trial court erred by imposing full consecutive prison terms on counts 2 and 3. The People contend that the trial court erred in calculating the fines and assessments it imposed and by failing to impose additional mandatory fines, assessments, and surcharges. We vacate the $200 sex offender fine and remand for the trial court to determine whether to impose a $300 sex offender fine as prescribed in section 290.3,

---

[1] All statutory references are to the Penal Code unless stated otherwise.

[2] While this appeal was pending, the trial court corrected defendant's presentence credit by giving him one additional day of actual custody credit.

[3] The transcript of the sentencing hearing states that the trial court imposed "a 290 fine in the amount of $200." The minute order and abstract of judgment, however, both reflect the imposition of a $300 sex offender fine pursuant to section 290.3. When there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–186 [109 Cal.Rptr.2d 303, 26 P.3d 1040]; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 [54 Cal.Rptr.3d 198].)

subdivision (a) and to impose additional mandatory assessments and sur-
charges. In all other respects, we affirm the judgment.

## BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

A. *Full   Consecutive   Sentences   Pursuant   to   Section   667.6,
   Subdivision (c)**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B. *Defendant's Fines*

1. *Sex Offender Fines Pursuant to Section 290.3*

At the time defendant was sentenced, section 290.3 provided, in relevant
part, "Every person who is convicted of any offense specified in subdivi-
sion (a) of Section 290 shall, in addition to any imprisonment or fine, or both,
imposed for commission of the underlying offense, be punished by a fine of
three hundred dollars ($300) upon the first conviction or a fine of five
hundred dollars ($500) upon the second and each subsequent conviction,
unless the court determines that the defendant does not have the ability to pay
the fine." (Former § 290.3, subd. (a).)[6] Defendant suffered three convictions
in this case that subject him to the imposition of sex offender fines. (See
former § 290, subd. (a)(2)(A), now § 290, subd. (c).) The trial court orally
imposed one sex offender fine of $200.

---

ˇSee footnote, *ante*, page 1364.

[6] Defendant asserts that at the time defendant committed his offenses in this case, former
section 290.3, subdivision (a) provided for a $200 fine on the first conviction and a $300 fine
for additional convictions. This is incorrect. The amendment to section 290.3, subdivision (a)
raising the fines to $300 for the first conviction and $500 for additional convictions became
effective on September 20, 2006, before defendant committed his crimes. (Stats. 2006, ch. 337,
§ 18; see Historical and Statutory Notes, 48 West's Ann. Pen. Code (2008 supp.) foll. § 290.3,
pp. 275–276.) Sections 290 and 290.3 were both amended effective October 13, 2007, but not
in any respect material to this case. (Stats. 2007, ch. 579, §§ 8, 35.)

The People argue that the trial court was required by former section 290.3, subdivision (a) to impose a fine of $300 for one of defendant's qualifying convictions and additional fines of $500 each for defendant's other two qualifying convictions. The People, however, did not object in the trial court to the trial court's imposition of one $200 fine, nor did they appeal the trial court's sentencing choice. Defendant contends that the People forfeited any error. Accordingly, we must first determine whether any error in imposing the $200 fine is cognizable on appeal. If the $200 fine constitutes an unauthorized sentence because it varies from the amount prescribed by the statute, the error is jurisdictional, and the issue may be raised for the first time on appeal. (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1048, fn. 7 [63 Cal.Rptr.3d 82, 162 P.3d 596]; *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157 [119 Cal.Rptr.2d 922, 46 P.3d 388]; *People v. Smith* (2001) 24 Cal.4th 849, 852 [102 Cal.Rptr.2d 731, 14 P.3d 942]; *People v. Stewart* (2004) 117 Cal.App.4th 907, 910 [12 Cal.Rptr.3d 171].) On the other hand, if the trial court had discretion under section 290.3, subdivision (a) to impose a fine of less than the statutorily prescribed amount based on a determination that the defendant did not have the ability to pay the full amount of the fine, then the error is not jurisdictional but instead involves a discretionary sentencing choice, and was therefore forfeited by the People's failure to object in the trial court. (*People v. Tillman* (2000) 22 Cal.4th 300, 301–302 [92 Cal.Rptr.2d 741, 992 P.2d 1109]; see *People v. Smith, supra*, 24 Cal.4th at p. 852; *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1518–1519 [77 Cal.Rptr.2d 492].)

█ We conclude that the $200 fine imposed by the trial court was unauthorized. "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) Section 290.3, subdivision (a) states that a defendant convicted of a qualifying sex offense "shall . . . be punished by a fine *of* three hundred dollars ($300) upon the first conviction or a fine *of* five hundred dollars ($500) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine." (Italics added.) The statute does not authorize a fine of $200, and the language of section 290.3, subdivision (a) is not amenable to an interpretation granting a trial court discretion to impose a fine of *less* than the prescribed amount if it determines that the defendant does not have the ability to pay the full amount of the fine.

█ When the Legislature has granted trial courts discretion to set the amount of a fine within a range, it has used language that so indicates. Section 672, for example, provides that "the court may impose a fine on the offender

*not exceeding* one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies . . . ." (Italics added.) Similarly, section 261.5, subdivision (e)(3); section 286, subdivision (m); and section 288a, subdivision (m) all provide that "the judge may assess a fine *not to exceed*" $70. (Italics added.) Sections 266, 270, and 270.6 all provide for "a fine *not exceeding*" $2,000; section 266k, subdivision (a) provides for "an additional fine *not to exceed*" $5,000; section 270.5 provides for "a fine of *not more than*" $500; section 284 provides for a "fine *not less than*" $5,000; section 288, subdivision (e) provides for "an additional fine *not to exceed*" $10,000; section 290.4, subdivision (c)(2) provides for "a fine of *not less than* five hundred dollars ($500) *and not more than* one thousand dollars ($1,000)." (All italics added.) The Penal Code contains numerous other examples of fines to be set in the trial court's discretion, subject to a specified maximum or minimum or within a specified range. (See, e.g., §§ 347b, 350, 351a, 365.5, subd. (c), 374.3, subd. (e), 374.4, subd. (d), 382.5, 383, 399.5, 404.6, subd. (b), 420.1, 422.6, subd. (c), 422.7, 466.3, subd. (a), 484b, 496d, 499c, subd. (c), 502, subd. (d).)

Section 290.3, subdivision (a) contains no such permissive language. Accordingly, section 290.3, subdivision (a) requires the trial court to impose a fine of the prescribed amount, or to impose no fine at all if it determines that the defendant does not have the ability to pay the fine. The trial court thus must impose fines in the amount of $300 for the first qualifying conviction and $500 for additional qualifying convictions,[7] or no fine if the trial court determines that the defendant does not have the ability to pay the fine. Accordingly, the trial court in this case exceeded its jurisdiction by imposing a $200 fine.

When imposing the fine, the trial court simply stated, "There's a 290 fine in the amount of $200. Court will impose that." The trial court made no express determination that defendant did not have the ability to pay the fine, and the probation report made no recommendation with respect to a sex offender fine. The trial court's minute order and the abstract of judgment are inconsistent with the trial court's oral pronouncement and reflect a $300 fine. Accordingly, we remand the matter to the trial court for it to impose a sex offender fine of $300 for defendant's first qualifying conviction, or no fine if the trial court determines that defendant does not have the ability to pay the

---

[7] We do not read the "or" in section 290.3 to mean fines for each conviction are alternative. Although "or" is normally used for the disjunctive (*People v. Smith* (1955) 44 Cal.2d 77, 78 [279 P.2d 33]) that is not always so. (Mellinkoff's Dict. of American Legal Usage (1992) p. 449.)

fine. Defendant will have the burden of proving that he does not have the ability to pay the fine. (*People v. McMahan* (1992) 3 Cal.App.4th 740, 749–750 [4 Cal.Rptr.2d 708].)

With respect to the trial court's failure to impose $500 fines for defendant's other two qualifying convictions, the People have failed to demonstrate error. In *People v. O'Neal* (2004) 122 Cal.App.4th 817 [19 Cal.Rptr.3d 202], the court held that each qualifying conviction in a single proceeding constitutes a separate conviction for purposes of imposing sex offender fines pursuant to section 290.3. (*O'Neal*, at p. 822.) As noted above, a trial court is required to impose sex offender fines on each qualifying conviction "*unless the court determines that the defendant does not have the ability to pay the fine.*" (§ 290.3, subd. (a), italics added; see *People v. Burnett* (2004) 116 Cal.App.4th 257, 261 [9 Cal.Rptr.3d 885] [imposition of fine is mandatory unless court determines that defendant does not have the ability to pay the fine]; *People v. McMahan, supra*, 3 Cal.App.4th at p. 749 [same].) However, "[i]f a trial court fails, without explanation, to impose the section 290.3, subdivision (a) sex offender fine, that is not a jurisdictional error." (*People v. Stewart, supra*, 117 Cal.App.4th at p. 911 [on silent record, failure to impose sex offender fine implies finding that defendant does not have the ability to pay]; see *People v. Burnett, supra*, 116 Cal.App.4th at p. 261 [same].) " 'Because factual issues come into play in determining whether a defendant has the ability to pay the section 290.3 fine, the failure to impose the fine is "not correctable without considering factual issues presented by the record or remanding for additional findings." [Citation.] On a silent record, we presume the trial court determined that defendant did not have the ability to pay and thus should not be compelled to pay the fine. [Citations.]' " (*People v. Stewart, supra*, 117 Cal.App.4th at p. 911.) The trial court in this case imposed a sex offender fine for only one conviction. It did not state why it imposed no fines for defendant's other two convictions. The People did not object in the trial court to the trial court's failure to impose the additional fines. (*People v. Burnett, supra*, 116 Cal.App.4th at p. 262; see *People v. Tillman, supra*, 22 Cal.4th at pp. 301–302 [People's failure to object forfeits assertion that trial court erred in making discretionary choice not to impose fines].) Accordingly, we must presume that the trial court determined that defendant does not have the ability to pay the two additional $500 fines. On remand, the trial court shall not impose any fines for the second and third convictions pursuant to section 290.3. (See *People v. Hanson* (2000) 23 Cal.4th 355, 363 [97 Cal.Rptr.2d 58, 1 P.3d 650] [imposition of increased fines after appeal violates double jeopardy].)

### 2. *Mandatory Assessments and Surcharges*

■ The People argue that the trial court also erred by failing to impose a mandatory penalty assessment pursuant to section 1464, subdivision (a)(1); a

mandatory state surcharge pursuant to section 1465.7, subdivision (a); a mandatory state court construction penalty pursuant to Government Code section 70372, subdivision (a); and a mandatory penalty assessment pursuant to Government Code section 76000, subdivision (a)(1). These provisions require the imposition of additional penalties and surcharges upon every fine, penalty or forfeiture imposed for a criminal offense. (*People v. Talibdeen, supra*, 27 Cal.4th at p. 1157; *People v. McCoy* (2007) 156 Cal.App.4th 1246, 1254, 1257 [68 Cal.Rptr.3d 134]; *People v. Stewart, supra*, 117 Cal.App.4th at pp. 910–911.) If the trial court imposes a sex offender fine on remand, it must also impose mandatory penalty assessments and surcharges based on the amount of that fine pursuant to these provisions. (*Talibdeen*, at p. 1157; *McCoy*, at pp. 1254, 1257; *Stewart*, at pp. 910–911.)

The trial court previously imposed a $200 restitution fine (§ 1202.4) and a $200 parole restitution fine, stayed (§ 1202.45). Pursuant to recently enacted legislative amendments, the penalty assessment and surcharge provisions cited above do not apply to restitution fines. (§ 1464, subd. (a)(3)(A); § 1465.7, subd. (a); Gov. Code, § 70372, subd. (a)(3)(A); Gov. Code, § 76000, subd. (a)(3)(A).) The amendments operate retroactively, and apply to this case. (*People v. McCoy, supra*, 156 Cal.App.4th at p. 1257.) Accordingly, no additional assessments and surcharges shall be imposed based on the restitution fines.

Finally, we note that the trial court imposed one $20 court security fee pursuant to section 1465.8, subdivision (a)(1). The trial court should have imposed one $20 court security fee for *each* of defendant's four convictions, for a total of $80. (*People v. Schoeb* (2005) 132 Cal.App.4th 861, 865–866 [33 Cal.Rptr.3d 889]; see also *People v. Alford* (2007) 42 Cal.4th 749, 758, fn. 6 [68 Cal.Rptr.3d 310, 171 P.3d 32].) The trial court is to impose these fees on remand.

## DISPOSITION

The sex offender fine imposed pursuant to section 290.3 is vacated. On remand, the trial court shall determine whether to impose one sex offender fine of $300, as prescribed by section 290.3, subdivision (a). If the trial court imposes that fine, it shall also impose mandatory penalty assessments and surcharges pursuant to section 1464, subdivision (a)(1); section 1465.7,

subdivision (a); and Government Code sections 70372, subdivision (a) and 76000, subdivision (a)(1). The trial court shall also impose a $20 court security fee for each of defendant's four convictions, for a total of $80. In all other respects, the judgment is affirmed.

Armstrong, Acting P. J., and Kriegler, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 11, 2008, S162390.