Filed 3/27/13  P. v. Sear CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071398 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F04592) |
| v. | |
| DESMOND LEE SEAR, | |
| Defendant and Appellant. | |

Pursuant to a negotiated disposition, defendant Desmond Sear pled no contest to two counts of robbery (Pen. Code,[1] § 211), and admitted he personally used a firearm (§ 12022.53, subd. (b)), in exchange for a stipulated sentence of 13 years in prison.  The trial court also imposed various fines and fees.

On appeal, defendant contends the abstract of judgment must be corrected to reduce the restitution fine (§ 1202.4) from $3600 to $240.  He further contends the theft-

---

[1] Further undesignated statutory references are to the Penal Code.

1

related crime prevention fine (§ 1202.5) must be vacated because the trial court did not orally impose it.

We shall remand to permit the trial court to clarify the amount of the restitution fine and impose a mandatory parole revocation in like amount. We shall order the abstract of judgment corrected to delete the crime prevention fine under section 1202.5.

## BACKGROUND

Defendant and two others committed a home invasion robbery against a woman and her 11-year-old son. Defendant personally used a gun.

In an amended information, the People charged defendant and the two others with two counts of first degree robbery and one count of first degree burglary (§ 459) and alleged defendant personally used a firearm in the commission of the robberies. Pursuant to a plea bargain, defendant pled no contest to the two robbery counts and admitted the personal use of a firearm as to the second count in exchange for a stipulated sentence of 13 years.

Defendant asked to delay sentencing so that the probation department could review information that defendant had been admitted into a program at Delancey Street. The People requested immediate sentencing, indicating they would not consent to placement at Delancey Street. The trial court found delay fruitless because, in the court's view, Delancey Street was not an option in lieu of 13 years in prison.

After sentencing defendant to 13 years in prison, in accordance with the terms of the plea bargain, the trial court turned to fines and fees. The court stated, "Mr. Sear is being ordered to pay the restitution fine as outlined by the probation department. He's also being ordered to pay the minimum amounts of the mandatory fines and fees. That's a $40 court operations assessment, $30 dollar criminal conviction assessment, $240 restitution fine. Jail, booking, and classification fees are waived."

The probation report recommended a restitution fine of $3,600, as well as an additional restitution fine (parole revocation fine) in the same amount under section

2

1202.45, suspended unless defendant's parole was revoked. The report also recommended a crime prevention fine of $20 ($10 for each offense) pursuant to section 1202.5.

The abstract of judgment reflects restitution fines of $3,600 pursuant to sections 1202.4, subdivision (b) and 1202.45. It also recites a $20 fine pursuant to section 1202.5.

## DISCUSSION

### I

### *Restitution Fine*

The restitution fine under section 1202.4, subdivision (b)(1) is mandatory unless the court finds and states on the record "compelling and extraordinary reasons" for not imposing the fine. (§ 1202.4, subd. (b)(1); *People v. Woods* (2010) 191 Cal.App.4th 269, 272.) Here, the trial court imposed the fine. What is unclear is the amount. The court first said the fine would be "as outlined by the probation department," which recommended a $3,600 fine. Then, the court ordered minimum mandatory fines and fees, specifying a $240 restitution fine.

Defendant contends the restitution fine should be lowered to $240. The People argue the record is ambiguous as to the amount of the fine. We agree with the People. Accordingly, we will remand for clarification of the amount of the restitution fine.

Imposition of a parole revocation fine pursuant to § 1202.45, in the same amount as the restitution fine under section 1202.4, is mandatory. (*People v. Smith* (2001) 24 Cal.4th 849, 853.) On remand, the trial court must also impose and suspend the mandatory parole revocation fine required by section 1202.45.

### II

### *Theft-Related Crime Prevention Fine*

Section 1202.5 provides for a crime prevention fee for certain theft-related crimes. (§ 1202.5, subds. (a) & (b).) The fine is mandatory unless the trial court determines that the defendant has no ability to pay any part of the fine. "In any case in which a defendant

3

is convicted of any of the offenses enumerated in Section 211 . . . , the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed.  If the court determines that the defendant has the ability to pay all or part of the fine, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability.  In making a determination of whether a defendant has the ability to pay, the court shall take into account the amount of any other fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution." (§ 1202.5, subd. (a).)

Here, the trial court did not impose the fine or make a finding that the defendant had no ability to pay any part of the fine.  The court did, however, impose the minimum amount of mandatory fines and waive other fines, suggesting it found defendant had a limited ability to pay.

Defendant contends the fine must be vacated.  The People, while conceding the section 1202.5 fine is subject to a determination of ability to pay, argue that we should permit the sentencing court to evaluate imposition of the fine on remand.  We agree with defendant and will vacate the fine.  Where the trial court does not impose a fine that is subject to defendant's ability to pay, and the record is silent, we presume the trial court found no ability to pay. (*People v. Stewart* (2004) 117 Cal.App.4th 907, 911; *People v. Burnett* (2004) 116 Cal.App.4th 257, 261.)

### DISPOSITION

The section 1202.5 fine is vacated.  The matter is remanded for the trial court to determine the amount of the section 1202.4 restitution fine, impose a parole revocation fine in the same amount under section 1202.45, prepare an amended abstract of judgment

4

in accordance with this opinion, and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

                                    DUARTE                , J.

We concur:

              HULL                  , Acting P. J.

              MURRAY              , J.