Filed 10/10/13  P. v. Pineda CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C071194 |
| Plaintiff and Respondent, | (Super. Ct. No. SF117328A) |
| v. | |
| TOMOTEO VERGARA PINEDA, | |
| Defendant and Appellant. | |

A jury convicted defendant Tomoteo Vergara Pineda of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and five counts of lewd and lascivious acts on a child (§ 288, subd. (a)) with enhancements for great bodily injury (§ 12022.7, subd. (a)) and multiple victims (§ 667.61, subd. (e)(5)).  The trial court sentenced defendant to 38 years to life in state prison.

---

[1] Undesignated statutory references are to the Penal Code.

On appeal, defendant contends the order to pay medical and mental health costs pursuant to section 1203.1g was unauthorized, the no contact order did not set a time limit, and the administrative fee imposed on the restitution fine was not included in the oral pronouncement of judgment. We shall modify the judgment as to the no contact order and administrative fee, vacate the order regarding medical and mental health costs, and affirm the judgment as modified.

## DISCUSSION[2]

### I.  Section 1203.1g Payment

Defendant contends, and the People concede, the order to pay for the minor victims' medical or psychological treatment pursuant to section 1203.1g must be vacated because such orders are authorized only as a condition of probation and defendant was not placed on probation but was sentenced to state prison. We accept the concession.

The trial court issued a supplemental order after the oral pronouncement of the sentence stating that defendant pay for any costs of medical or mental health treatment to the victims pursuant to section 1203.1g.

Section 1203.1g provides in relevant part, "In any case in which a defendant is convicted of sexual assault on a minor, and the defendant is eligible for probation, the court, as a condition of probation, shall order him or her to make restitution for the costs of medical or psychological treatment incurred by the victim . . . ." Since defendant was sentenced to state prison, this provision was inapplicable and we shall vacate the order.[3]

---

[2] We dispense with the facts of defendant's crimes as they are unnecessary to resolve this appeal.

[3] A defendant sentenced to state prison may be ordered to pay victim restitution for the victim's medical and mental health counseling costs. (§ 1202.4, subd. (f)(3)(B), (C).) At sentencing, the trial court retained jurisdiction over whether defendant should pay for the

## II.  Duration of the Protective Order

Defendant contends the trial court erred in failing to set a duration on the protective order issued pursuant to section 1201.3.

While pronouncing sentence, the trial court told defendant, "[Y]ou can't ever see the two girls again."[4]  The minute order and abstract of judgment reflect a no contact order as to one of the victims but gives no duration for the order.

Section 1201.3 authorizes the trial court, "[u]pon the conviction of a defendant for a sexual offense involving a minor victim . . . , . . . to issue orders that would prohibit the defendant . . . , for a period up to 10 years, from harassing, intimidating, or threatening the victim or the victim's family members or spouse."  (§ 1201.3, subd. (a).)

The parties agree that the no contact order must set a duration.  Defendant asks us to remand the case for the trial court to set a duration, while the Attorney General asks us to modify the order to add a 10-year duration.  We agree with the Attorney General.

The trial court's statement that defendant would never see the girls again indicates an intent to issue a no contact order of maximum duration.  Since the statutory time limit is 10 years, we shall modify the no contact order to include a 10-year time limit from the date of sentencing (May 21, 2012).

## III.  Restitution Fine Administrative Fee

Defendant contends the $100 surcharge on his $1,000 restitution fine (§ 1202.4, subd. (b)(1)) found in the minutes and abstract is invalid because it was not included in the trial court's pronouncement of judgment.  The Attorney General concedes the point.  We reject the concession.

---

victims' medical and psychological treatment.  Nothing in our decision prevents the trial court from ordering such restitution upon making the appropriate findings.

[4]  The two victims in the child molestation counts.

3

The oral pronouncement of judgment controls over any entries in the clerk's minutes or abstract of judgment. If there is any discrepancy with the oral judgment, it controls over the minutes or abstract. (*People v. Zachery* (2007) 147 Cal.App.4th 380, 385.) Nonetheless, failure to include a mandatory fee in the judgment does not prevent the later imposition of the fee. (See *People v. Stewart* (2004) 117 Cal.App.4th 907, 910 [remand to impose mandatory Penal Code section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments]; *People v. Smith* (2001) 24 Cal.4th 849, 854 [unauthorized sentence can be corrected at any time].)

Section 1202.4, subdivision (b) mandates a restitution fine unless the trial court "finds compelling and extraordinary reasons for not doing so and states those reasons on the record." Counties may attach an administrative fee to cover the cost of collecting the fine. "At its discretion, the board of supervisors of a county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, to be added to the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county." (§ 1202.4, subd. (*l*).) San Joaquin County has imposed such a fee. (San Joaquin County Board of Supervisors Order No. B-95-1015 (eff. Sept. 18, 1995).)

Where a county's board of supervisors has exercised its discretion to impose an administrative fee under section 1202.4, subdivision (*l*), and a trial court in that county imposes a restitution fine, the surcharge is mandatory. Since the surcharge was mandatory, we can correct the trial court's error in failing to order the surcharge despite the absence of an objection at sentencing. (See *People v. Smith*, *supra*, 24 Cal.4th at pp. 852-854.) We shall therefore modify the judgment to provide for the 10 percent ($100) surcharge on the restitution fine pursuant to section 1202.4, subdivision (*l*). Since the surcharge already appears on the abstract of judgment, no correction to the abstract is required as to the surcharge.

4

## DISPOSITION

The order requiring defendant to pay medical and mental health counseling costs pursuant to section 1203.1g is vacated. The no contact order is modified to include a 10-year duration, starting from the date of sentencing. The judgment is modified to provide for a 10 percent ($100) administrative surcharge under section 1202.4, subdivision (*l*), as correctly indicated in the minute order and abstract of judgment. The trial court is directed to prepare an amended minute order, supplemental order, and amended abstract of judgment consistent with this opinion. The trial court is further directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

BUTZ                    , J.

We concur:

NICHOLSON        , Acting P. J.

HULL                    , J.