Filed 2/4/15  P. v. Gallow CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEVEN LAWRENCE GALLOW,<br><br>    Defendant and Appellant. | C076677<br><br>(Super. Ct. No. 12F07160) |

Appointed counsel for defendant Steven Lawrence Gallow has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant was charged by consolidated information with theft of a vehicle (Veh. Code, § 10851, subd. (a)--count one), receipt of stolen property (Pen. Code, § 496d, subd.

1

(a)--count two),[1] misdemeanor possession of burglary tools (§ 466--count three), four counts of driving under the influence (Veh. Code, §§ 23152, subds. (a) & (b), 23550.5--counts four, nine, ten, & thirteen), two counts of driving a motor vehicle on a suspended license (Veh. Code, § 14601.2, subd. (a)--counts five & twelve), misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)--count six), possession of a controlled substance, methamphetamine, for sale (Health & Saf. Code, § 11378--count seven), unlawful possession of ammunition (§ 30305, subd. (a)(1)--count eight), evasion of a police officer (Veh. Code, § 2800.1, subd. (a)--count eleven), possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)--count fourteen), misdemeanor use of force or violence on a peace officer (§ 243, subd. (c)(1)--count fifteen), and misdemeanor resisting lawful detention or arrest by false representation (§ 148.9, subd. (a)--count sixteen).  The information alleged that, as to counts eight, nine, and ten, defendant committed the charged offenses while released from custody on bail or his own recognizance before final judgment on a prior felony (§ 12022.1) and, as to counts four, nine, ten, and thirteen, defendant had two prior convictions for violating Vehicle Code section 23152, subdivisions (a) and (b).

Defendant pleaded no contest to counts four through sixteen and admitted the special allegations in exchange for dismissal of the balance of charges against him.  The factual basis to substantiate the plea is as follows:[2]

Count four:  On October 22, 2012, defendant drove a vehicle while under the influence of Diazepam, Nordiazepam, Delta-9-THC, and methamphetamine, which did influence his ability to safely operate the vehicle.  Defendant did this while having two

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  The People stipulated to a factual basis as to all misdemeanors (i.e., counts five, six, eleven, twelve, fifteen, & sixteen).

prior convictions for violating Vehicle Code section 23152 (Feb. 6, 2007, & Mar. 25, 2007) within 10 years.[3]

Count seven: On December 19, 2012, defendant possessed methamphetamine for sale.

Count eight: On December 19, 2012, defendant possessed controlled ammunition (shotgun shells), having previously been convicted of a felony. Defendant committed the offense while released from custody on bail or his own recognizance prior to final judgment in other felony matters (as alleged in count four).

Count nine: On January 14, 2013, defendant drove a motor vehicle while under the influence of alcohol (i.e., having a blood-alcohol content of 0.09 percent), having two prior convictions for violating Vehicle Code section 23152, subdivision (a) (Feb. 6, 2007, & Mar. 25, 2007) within 10 years. Defendant committed the offense while released from custody on bail or his own recognizance prior to final judgment in other felony matters.

Count ten: On January 14, 2013, defendant drove a motor vehicle while under the influence of alcohol (i.e., having a blood-alcohol content of 0.08 percent or more), having two prior convictions for violating Vehicle Code section 23152 subdivision (b) (Feb. 6, 2007, & Mar. 25, 2007) within 10 years. Defendant committed the offense while released from custody on bail or his own recognizance prior to final judgment in other felony matters (as alleged in count eight).

Count thirteen: On March 20, 2013, defendant drove a motor vehicle while under the influence of methamphetamine, having two prior convictions for violating Vehicle Code section 23152 (Feb. 6, 2007, & Mar. 25, 2007) within 10 years.

---

[3] It appears that, in reciting the factual basis for count four, the prosecutor misspoke, stating defendant committed the offense "while having *three* prior convictions within a ten year time frame . . . ." (Italics added.) According to the consolidated information, only two prior convictions were alleged as to count four.

Count fourteen: On March 20, 2013, defendant possessed a usable quantity of methamphetamine.

The trial court denied probation and sentenced defendant to an aggregate sentence of nine years four months in state prison. In particular, the court sentenced defendant to the middle term of two years on count four, plus separate consecutive eight-month terms (one-third the middle term) on counts seven, eight, nine, thirteen, and fourteen, and separate consecutive two-year terms for each of the two section 12022.1 allegations, as well as six months in county jail for each misdemeanor conviction (counts five, six, eleven, twelve, & sixteen), all of which were stayed pursuant to section 654. The People's motion to dismiss counts one, two, three, and fifteen was granted. The court also imposed various fees, fines, and assessments, including a $1,000 restitution fine (§ 1202.4, subd. (b)(1)), a $1,000 parole revocation fine (§ 1202.45) stayed pending successful completion of parole, a $100 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) "plus $260 in penalty assessments," a $300 drug program fee (Health & Saf. Code, § 11372.7) "plus $260 in penalty assessments," a $50 alcohol abuse education and prevention penalty assessment (Veh. Code, § 23645), a $331.98 mail jail booking fee (Gov. Code, § 29550.2), and a $60.18 main jail classification fee (Gov. Code, § 29550.2). As for the misdemeanor convictions, the court imposed a $150 restitution fine (§ 1202.4, subd. (b)(1)) each for counts five, six, eleven, twelve, and sixteen. The court awarded defendant 952 days of presentence custody credit (476 actual days, plus 476 conduct credits).

Defendant filed a timely notice of appeal.

II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a

4

supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. We note, however, that the trial court erred in failing to impose a court operations assessment and a criminal conviction assessment, as well as penalties pursuant to section 1464 and Government Code section 76000, all of which are statutorily mandated. (§ 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1); see also *People v. Alford* (2007) 42 Cal.4th 749, 754 [court operations assessment is mandatory for all convictions]; *People v. Robinson* (2012) 209 Cal.App.4th 401, 405 [court operations and criminal conviction assessments "are a required part of defendant's sentence and may be corrected on appeal"]; *People v. Stewart* (2004) 117 Cal.App.4th 907, 910-913 [penalty assessments pursuant to Government Code section 76000, subdivision (a), and Penal Code section 1464, subdivision (a), are mandatory].) Failure to impose mandatory fees, fines, penalties, and assessments constitutes an unauthorized sentence, which may be corrected by an appellate court even in the absence of an objection or argument below. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1415.)

Despite our inherent authority to modify the judgment, however, we must nevertheless remand the matter to the trial court to rectify its failure to provide a "detailed recitation of all the fees, fines and penalties on the record," including their amounts and statutory bases. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.) As discussed above, the trial court imposed a $100 criminal laboratory analysis fee pursuant to Health and Safety Code section 11372.5, subdivision (a), "plus $260 in penalty assessments," and a $300 drug program fee pursuant to Health and Safety Code section 11372.7, "plus $260 in penalty assessments." Neither the sentencing transcript nor the probation report clarifies the statutory bases for the "$260 in penalty assessments." "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may

5

be tedious, California law does not authorize shortcuts.  All fines and fees must be set forth in the abstract of judgment.  [Citations.]"  (*High,* at p. 1200.)  Accordingly, we remand the matter to the trial court for further proceedings regarding the imposition of all mandatory fees, fines, penalties, and assessments, and to correct the abstract of judgment to reflect the amounts and statutory bases for all fees, fines, penalties, and assessments imposed in accordance with the court's opinion in *High, supra,* at pages 1200-1201.

### DISPOSITION

Defendant's convictions are affirmed.  The matter is remanded to the trial court for further proceedings in light of this opinion.  The court is directed to prepare an amended abstract of judgment and to send a certified copy thereof to the Department of Corrections and Rehabilitation.


      BLEASE      , Acting P. J.


We concur:


      NICHOLSON      , J.


      BUTZ      , J.