Filed 4/1/15  P. v. Nguyen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HENRY TUAN NGUYEN,<br><br>Defendant and Appellant. | C076028<br><br>(Super. Ct. No. CRF13671) |

Defendant Henry Tuan Nguyen appeals from a final judgment of conviction following a plea of no contest to spousal rape.  The parties agree, and we concur, that the trial court erred in calculating the DNA penalty assessment.  Accordingly, we shall order the DNA penalty assessment reduced from $60 to $30.

### BACKGROUND[1]

Defendant was charged by complaint with one count of spousal rape.  (Pen. Code, § 262, subd. (a)(1).)  He entered a plea of no contest in return for a stipulated sentence of three years in state prison.

---

[1] We dispense with reciting the facts surrounding defendant's crime as they are not relevant to the issue raised on appeal.

1

The trial court denied defendant's subsequent motion to withdraw his plea and sentenced him to the stipulated term of three years. The trial court also imposed a base fine in the amount of $300 pursuant to Penal Code section 290.3, subdivision (a) and a DNA penalty assessment in the amount of $60 pursuant to Government Code section 76104.6. The total fine imposed pursuant to section 290.3 was $1,140.

Defendant filed a timely notice of appeal.

## DISCUSSION

On appeal, defendant contends the trial court erred in calculating the sex offender fine imposed pursuant to Penal Code section 290.3. Specifically, defendant contends the trial court erroneously imposed a DNA penalty assessment in the amount of $60 when, by statute, the DNA penalty assessment should have been $30. (Gov. Code, § 76104.6.) The People concede the error. We have reviewed the record and agree with the parties.

Penal Code section 290.3, subdivision (a) provides: "Every person who is convicted of any offense specified in subdivision (c) of Section 290 shall, in addition to any imprisonment or fine, or both, imposed for commission of the underlying offense, be punished by a fine of three hundred dollars ($300) upon the first conviction or a fine of five hundred dollars ($500) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine." Section 290.3 requires the trial court to "impose fines in the amount of $300 for the first qualifying conviction and $500 for additional qualifying convictions, or no fine if the trial court determines that the defendant does not have the ability to pay the fine." (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1370, fn. omitted.)

Fines imposed pursuant to Penal Code section 290.3, subdivision (a) are subject to mandatory "penalty assessments," including a 10 percent penalty " ' "[f]or the purpose of implementing the DNA Fingerprint, Unsolved Crime and Innocence Protection Act." ' [Citation.]" (*People v. Hamed* (2013) 221 Cal.App.4th 928, 935; see Gov. Code, § 76104.6, subd. (a)(1).) Under section 76104.6, subdivision (a)(1), "there shall be levied

an additional penalty of one dollar ($1) for every ten dollars ($10), or part of ten dollars ($10), in each county upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses . . . ."  Thus, the trial court was required to apply an additional 10 percent penalty assessment to defendant's base sex offender fine.

The trial court imposed a base fine of $300; the DNA penalty assessment should have been 10 percent of that amount, or $30.  The trial court erred in imposing a $60 DNA penalty assessment.  Accordingly, the total amount of defendant's sex offender fine and penalty assessments thereon should have been $1,110, not $1,140.

## DISPOSITION

The judgment is modified by reducing the total fine under Penal Code section 290.3 from $1,140 to $1,110.  As modified, the judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.

RAYE          , P. J.

We concur:

BLEASE     , J.

MURRAY    , J.

3