Filed 4/13/15  P. v. Galvan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076388 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 13F05132, 14F00310, 14F00535) |
| v. | |
| CHAD A. GALVAN, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we will modify the judgment to include the mandatory criminal laboratory analysis fee required by Health and Safety Code section 11372.5, and mandatory penalty assessments required by Penal Code section 1464 and Government Code section 76000.  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## FACTUAL AND PROCEDURAL BACKGROUND

### The Charges and Allegations

#### Case No. 13F05132

Defendant was charged by criminal complaint in case No. 13F05132 with felony possession of a controlled substance (Health & Saf. Code § 11377, subd. (a) -- count one), misdemeanor possession of narcotics paraphernalia (former Health & Saf. Code, § 11364.1, subd. (a) -- count two), and misdemeanor obstructing a peace officer (Pen. Code, § 148, subd. (a)(1) -- count three). The complaint alleged defendant sustained three prior serious or violent felony convictions within the meaning of Penal Code sections 667, subdivisions (b) through (i), and 1170.12.

#### Case No. 14F00310

Defendant was charged by amended criminal complaint in case No. 14F00310 with felony petty theft with a prior theft related conviction. (Pen. Code, § 666.) The amended complaint alleged defendant was on bail at the time of commission of the offense (former Pen. Code, § 12022.1), and that he sustained three prior serious or violent felony convictions. (Pen. Code, §§ 667, subd. (e)(2)(C), and 1170.12, subd. (c)(2)(C).)

#### Case No. 14F00535

Defendant was charged by criminal complaint in case No. 14F00535 with two counts of felony failure to register as a sex offender (Pen. Code, § 290.018, subd. (b) -- counts one and two). The complaint alleged defendant sustained two prior serious or violent felony convictions. (Pen. Code, §§ 667, subds. (b) through (i), and 1170.12.)

### The Plea and Sentencing

Defendant entered a negotiated plea of no contest to possession of a controlled substance (case No. 13F05132), petty theft with a prior theft related conviction (case No. 14F00310), and failure to register as a sex offender (case No. 14F00535), all

2

felonies, and admitted one strike allegation and an on-bail enhancement in exchange for a stipulated sentence of seven years four months in state prison and dismissal with a *Harvey*[1] waiver of the balance of charges against him. Defendant waived preparation of a probation report. The factual basis to substantiate the pleas is as follows:

Case No. 13F05132: On August 11, 2013, defendant was found to be in possession of 0.74 grams of methamphetamine.

Case No. 14F00310: On January 10, 2014, while out of custody on bail, defendant entered a store and stole approximately $100 worth of property.

Case No. 14F00535: Between January 3, 2014, and January 13, 2014, having previously been convicted as a sex offender and therefore being required to register as such, defendant failed to register within five working days of his birthday despite having been properly notified of such requirement. Defendant's last registration was in 2012.

As to all three cases, the admitted strike was a February 5, 1999, conviction for robbery. (Pen. Code, § 211.)

The trial court denied probation and sentenced defendant to seven years four months in state prison as stipulated. The court imposed mandatory restitution fines in each of the three cases pursuant to Penal Code section 1202.4, and imposed but stayed mandatory parole revocation fines pursuant to section 1202.45. The court awarded defendant 209 days of presentence custody credit (105 actual days, plus 104 conduct credits).

The abstract of judgment includes a $120 court operations assessment (Pen. Code, § 1465.8), and a $90 criminal conviction assessment (Gov. Code, § 70373).

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

# *WENDE* REVIEW

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

However, we do note that the trial court erred in failing to orally impose a court operations assessment, a criminal conviction assessment, and a criminal laboratory analysis fee, as well as penalties pursuant to Penal Code section 1464 and Government Code section 76000, all of which are statutorily mandated. (Pen. Code, § 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1); Health & Saf. Code, § 11372.5, subd. (a); see also *People v. Alford* (2007) 42 Cal.4th 749, 754 [court operations assessment is mandatory for all convictions]; *People v. Robinson* (2012) 209 Cal.App.4th 401, 405 [court operations and criminal conviction assessments "are a required part of defendant's sentence and may be corrected on appeal"]; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1414-1415 [criminal laboratory analysis fee is mandatory]; *People v. Stewart* (2004) 117 Cal.App.4th 907, 910-913 [penalty assessments pursuant to Government Code section 76000, subdivision (a), and Penal Code section 1464, subdivision (a), are mandatory].) Failure to impose mandatory fees, fines, and penalties constitutes an unauthorized sentence, which may be corrected by an appellate court even in the absence of an objection or argument below. (*Turner*, at pp. 1413-1415.)

We need not exercise our inherent authority to modify the judgment as to the court operations and criminal conviction assessments because the abstract correctly includes a $120 court operations assessment and a $90 criminal conviction assessment. However, we shall modify the judgment in case No. 13F05132 to impose a $50 criminal lab

4

analysis fee pursuant to Health and Safety Code section 11372.5, subdivision (a), in light of defendant's conviction for violation of Health and Safety Code section 11377, as well as a $50 penalty assessment pursuant to Penal Code section 1464, subdivision (a), and a $35 penalty assessment pursuant to Government Code section 76000, subdivision (a).

## DISPOSITION

The judgment is modified to impose in case No. 13F05132 a $50 criminal laboratory analysis fee pursuant to Health and Safety Code section 11372.5, subdivision (a), a $50 penalty assessment pursuant to Penal Code section 1464, subdivision (a), and a $35 penalty assessment pursuant to Government Code section 76000, subdivision (a).  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and to provide a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


      MURRAY      , J.


We concur:


      NICHOLSON      , Acting P. J.


      ROBIE      , J.

5