Filed 1/6/23  P. v. Robinson CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B318155 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA112604) |
| v. | |
| REGGIE ROBINSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed as modified.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Reggie Robinson appeals from a no-contest plea to lewd acts on a child (Pen. Code,[1] § 288, subd. (a)).  His appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), requesting that we independently review the appeal.  Our independent review discloses an error in the abstract of judgment and in the fines and assessments imposed.  We will therefore modify the judgment to correct the errors.

The victim, Robinson's daughter, was 15 years old when she testified at a preliminary hearing in February 2020.  She testified that the year before she gave birth to a baby who died.  Robinson was the baby's father.

On January 6, 2022, Robinson, per a negotiated plea, pleaded no contest to three counts of lewd acts on a child under the age of 14 (§ 288, subd. (a)) and stipulated that all three counts were for separate incidents.[2]

On January 18, 2022, the trial court sentenced Robinson to the high term of eight years on count 1 and to consecutive six year terms on each of the remaining two counts, for a total of 20 years in prison.  Robinson stipulated to $14,065.06 in victim restitution.  The trial court also imposed a $5,000 restitution fine (§ 1202.4, subd. (b)), a $5,000 parole revocation fine, suspended (§ 1202.45), a $40 court security fee (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $300 sex offender fine (§ 290.3).  The trial court awarded Robinson 1,024 days of custody credits.

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     Robinson did not admit a factual basis for the plea, per *People v. West* (1970) 3 Cal.3d 595.

Robinson filed a notice of appeal and requested a certificate of probable cause, which this record does not reflect was granted or denied. We treat the request as having been denied. (See § 1237.5, subd. (b); Cal. Rules of Court, rule 8.304(b).)

Robinson's court-appointed counsel then filed an opening brief that raised no issues and asked this court to independently review the record under *Wende, supra,* 25 Cal.3d 436.

A defendant who appeals following a plea of no contest or guilty without a certificate of probable cause may only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Johnson* (2009) 47 Cal.4th 668, 676–677 & fn. 3.)

Robinson, who was representing himself in the trial court, moved to prohibit use of DNA evidence. The record does not show that the trial court ruled on the motion or that Robinson pursued a ruling. No arguable issue therefore appears on this record as to the motion.

However, there are errors in the abstract of judgment. The trial court imposed $14,065.06 in victim restitution but the January 18, 2022 minute order and abstract of judgment incorrectly state the amount as $14,604.06 and as $14,605.06. The abstract of judgment also does not reflect the $300 sex offender fine the trial court imposed, presumably under section 290.3, subdivision (a), at the sentencing hearing. Once a section 290.3, subdivision (a), sex offender fine is imposed, the trial court must also impose penalty assessments under section 1464, subdivision (a), and Government Code section 76000, subdivision (a). (*People v. Stewart* (2004) 117 Cal.App.4th 907, 911.) Section 1464, subdivision (a)(1), requires a penalty of $10 for every $10

3

(or part of $10) of the $300 fine, which is, here, a total penalty of $300.  Government Code section 76000, subdivision (a)(1), requires a penalty of $7 for every $10 (or part of $10) of the $300 fine, for a total penalty here of $210.  Robinson's total mandatory penalty assessment is $510.  A trial court's failure to impose those penalty assessments is a jurisdictional error that may be raised for the first time on appeal.  (*Stewart*, at pp. 911–912.)  We therefore direct the superior court to modify the abstract of judgment.

We have otherwise examined the record and are satisfied no arguable issues exist and Robinson's attorney has complied with the responsibilities of counsel.  (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *Wende, supra*, 25 Cal.3d at pp. 441–442.)

4

## DISPOSITION

We modify the judgment to include $510 in section 290.3 penalty assessments under section 1464, subdivision (a), and Government Code section 76000, subdivision (a). The trial court is directed to modify the abstract of judgment to reflect the $300 sex offender fine, $510 penalty assessments, and $14,065.06 in victim restitution. The trial court is directed to forward the modified abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed as modified.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

 

 

                                     EDMON, P. J.

We concur:

 

 

EGERTON, J.

 

 

RICHARDSON (ANNE K.), J.*

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.