Filed 10/15/13  P. v. Hall CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B244814 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA384577) |
| CHARLES SHANE HALL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles, John S. Fisher, Judge.  Affirmed as modified with directions.

Christine J. Esser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Connie H. Kan, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

# INTRODUCTION

Defendant Charles Shane Hall appeals from a judgment of conviction entered pursuant to a negotiated plea of no contest. Hall challenges the order that he "[o]bey the protective order issued in this or any other case." He also argues that the abstract of judgment must be corrected to reflect the award of presentence custody credits. We agree with Hall, affirm the judgment as modified, and remand with directions to modify the abstract of judgment.

# FACTUAL AND PROCEDURAL BACKGROUND

Hall was charged in an information with two counts of making a criminal threat (Pen. Code, § 422)[1] against Nancy Correas, the mother of his children. As to both counts, the information specially alleged that Hall had suffered two prior serious or violent felony convictions within the meaning of section 667, subdivision (a)(1), and the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12) and had served a separate prison term for a felony (§ 667.5, subd. (b)). Represented by counsel, Hall pleaded not guilty and denied the special allegations.

Pursuant to a negotiated agreement, Hall pleaded no contest to one count of making a criminal threat and admitted one prior strike conviction. The trial court sentenced Hall to an aggregate state prison term of 32 months (the 16-month lower term doubled under the three strikes law). The trial court dismissed the remaining count and special allegations as part of the plea agreement.

At the conclusion of the sentencing hearing on September 10, 2012, the trial court agreed to the prosecutor's request to issue a "10-year protective order." The hearing concluded with the following exchange:

"THE COURT: So unless there's anything else I think that's it.

---

[1] All further statutory references are to the Penal Code.

2

"[PROSECUTOR]:  Nothing further.  If he could be served with the 10-year protective order?

"THE COURT:  All right.  Thank you and good luck."

The minute order for the sentencing hearing states, "Defendant is served with a copy of the protective order in open court."  The record on appeal, however, does not include a protective order dated September 10, 2012.  The record does include a protective order with the Superior Court case number in this case (BA384577) naming "Nancy Correas" as the protected person, but it is dated May 20, 2011, expires the same day, and identifies "Michael Hall" as the defendant and "person to be restrained."  Both the minute order of the sentencing hearing and the abstract of judgment state that Hall is to "[o]bey the protective order issued in this case or any other case."  The "or any other case" language does not appear in the transcript of the sentencing hearing.

## DISCUSSION

Although nothing in the record specifically indicates the statutory basis for the protective order, the parties agree the trial court issued the order pursuant to section 136.2.  This statute authorizes the court, in cases where the defendant has been convicted of a crime of domestic violence, to issue "an order restraining the defendant from any contact with the victim.  The order may be valid for up to 10 years, as determined by the court."  (§ 136.2, subd. (i)(1).)  Hall acknowledges that the trial court has the authority to issue such an order, but argues that the court exceeded its authority under the statute by ordering him to obey protective orders "issued in . . . any other case." We agree with Hall that this language should be stricken from the minute order.

We have some doubt whether a court, when issuing a protective order, can also order the defendant to comply with a protective order issued against him or her in another case.  We do not need to resolve this issue, however, because the transcript of the sentencing hearing does not include this order.  "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the

3

oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385; accord, *People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn. 3; see *People v. Delgado* (2008) 43 Cal.4th 1059, 1070 ["abstract of judgment . . . cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict"]; *People v. Sharret* (2011) 191 Cal.App.4th 859, 864 ["oral pronouncement of judgment controls over any discrepancy with the minutes or the abstract of judgment"].)  Because the trial court did not orally pronounce the "or any other case" term of the protective order during the sentencing hearing, we strike that language in the minute order.

Finally, we direct the trial court to modify a clerical error in the abstract of judgment to reflect the court's recalculation of presentence custody credits in its February 27, 2013 minute order.  The People concede that the abstract of judgment should be corrected to reflect the proper number of credits.  "It is, of course, important that courts correct errors and omissions in abstracts of judgment." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

4

## DISPOSITION

As modified, the judgment is affirmed. The matter is remanded to the trial court with directions to strike the words "or any other case" from the September 10, 2012 minute order. We also direct the trial court to modify the abstract of judgment so that it is consistent with the minute order, and to correct the abstract of judgment to reflect the award of 734 days of presentence custody credits (490 days actual days plus 244 days of conduct credits). The superior court is to prepare a corrected abstract of judgment and to forward a copy to the Department of Corrections and Rehabilitation.

SEGAL, J.[*]

We concur:

WOODS, Acting P. J.

ZELON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.