Filed 11/24/14  P. v. Crocker CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEVIN JAY CROCKER,<br><br>    Defendant and Appellant. | B252986<br><br>(Los Angeles County<br>Super. Ct. No. VA129369) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Raul A. Sahagun, Judge.  Affirmed in part, reversed in part, and remanded with directions.

John Alan Cohan, under appointment by the Court of Appeal, for Defendant and Appellant Kevin Jay Crocker.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Kevin Jay Crocker (Defendant) appeals his conviction and six-year sentence for a single count of second degree burglary (Pen. Code, § 459).[1] He attacks one of the jury instructions, the sufficiency of the evidence supporting the judge's finding that he suffered a prior "strike" conviction, and the trial court's denial of his *Pitchess*[2] motion following an in camera hearing. The People contend the trial court erred in not imposing a crime prevention fine. None of these arguments has merit except Defendant's challenge to his prior strike. We accordingly affirm the conviction and remand the matter for resentencing or for retrial on the "strike" conviction.

### FACTUAL AND PROCEDURAL BACKGROUND

Police discovered and arrested Defendant and his codefendant Cindy Rodriguez (Rodriguez) in the bedroom closet of an unoccupied house. Rodriguez was laying atop wire strippers, wire cutters, a screwdriver, pliers, and other tools.

The house itself was a shambles. Although the house had been "intact" just a month before, in the month leading up to Defendant's arrest, copper wiring had been yanked from the walls; lighting fixtures, bathroom sinks, molding and baseboards had been damaged; and "tons" of stripped and partially stripped wire had been strewn all over the house. When questioned by police following waiver of his *Miranda*[3] rights, Defendant initially said he had entered the house to have sex with Rodriguez, but later admitted he had been in and out of the house several times in the last month to steal, strip and then sell its copper wiring.

The People charged Defendant, Rodriguez and Melinda Figueroa (Figueroa), whom the police found in the house's driveway the day of Defendant's arrest, with a single count of burglary (§ 459). The People further alleged that Defendant's 2007 conviction for battery causing serious bodily injury (§ 243, subd. (d)) constituted a

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[3]     See *Miranda v. Arizona* (1966) 384 U.S. 436, 444-445 (*Miranda*).

"strike" within the meaning of our "Three Strikes" law (§ 667, subds. (b)-(j); § 1170.12, subds. (a)-(d)) as well as a prior prison term (§ 667.5, subd. (b)).

Defendant went to trial. Rodriguez, who had by that time entered a plea, was a defense witness. She testified that someone else had trashed the house before she, Defendant, Figueroa and a fourth person had entered the house on the day of Defendant's arrest. She said neither she nor Defendant had stripped any wiring. The court instructed the jury on two theories of liability--that Defendant directly burglarized the house by entering with intent to steal or vandalize, or aided and abetted the others in doing so. The jury returned a guilty verdict. Defendant waived the right to a jury regarding his prior conviction, and the trial court ruled that Defendant suffered a prior "strike" on the basis of a certified packet of minute orders regarding the 2007 conviction.

The trial court sentenced Defendant to the upper term of three years on the burglary conviction, doubled to six years because of the prior strike. The court imposed other fines and fees, but did not impose the $10 crime prevention fine under section 1202.5, subdivision (a).

Defendant timely appealed.

## DISCUSSION

### I.      Aiding and Abetting Instruction

Defendant argues that his conviction must be overturned because the trial court, at the People's request, instructed the jury that "[a] person who happens on the scene after the initial entry and becomes aware of the perpetrator's unlawful purpose and assists the perpetrator, is an aider and abettor of the crime." Aiding and abetting liability requires proof that the aider and abettor (1) aided the perpetrator of the charged offense, while (2) knowing of the perpetrator's unlawful purpose and (3) intending to commit, encourage, or facilitate commission of the offense. (*People v. Montoya* (1994) 7 Cal.4th 1027, 1039; see generally *People v. Beeman* (1984) 35 Cal.3d 547, 554-555.) Defendant contends that the above instruction is defective because it omits the required intent element of

3

aiding and abetting liability. We review alleged instructional errors de novo. (*People v. Jandres* (2014) 226 Cal.App.4th 340, 358.)

Although the special instruction Defendant assails only spells out two of the three elements of aiding and abetting liability (aid and knowledge), we do not review this jury instruction in a vacuum. To the contrary, we are required to read the entire jury charge comprehensively. (*People v. Bland* (2002) 28 Cal.4th 313, 332.) The omission of any reference to the intent element in the special instruction is of no moment because the jury was elsewhere instructed--not once, but twice--that it could not find Defendant guilty of aiding and abetting unless it found he intended to commit, encourage or facilitate the burglary perpetrated by the others. Where an element of a crime is omitted from one instruction but is set forth in other instructions regarding the same crime, there is no error because the jury is presumed to read and follow the instructions as a whole. (*People v. Bolin* (1998) 18 Cal.4th 297, 328; *People v. Gray* (2005) 37 Cal.4th 168, 217.)

## II.     Prior Strike

Defendant asserts that the trial court erred in finding the minute order packet sufficient to prove that his prior battery conviction qualified as a "strike." The People agree, and so do we. A conviction is a "strike" if it is a "serious" or "violent" felony. (§ 667, subds. (b)-(i); § 1170.12, subds. (a)-(d).) Battery is not among the list of felonies that is always "serious" or "violent." (§ 1192.7, subd. (c) [listing "serious" felonies]; § 667.5, subd. (c) [listing "violent" felonies].) Thus, battery will be considered a "strike" only if the People establish that the particular battery conviction at issue fits within some other category of "serious" or "violent" felony. The most applicable categories are when, in the course of the battery, a defendant "personally inflicts great bodily injury on any person[] other than an accomplice" (§ 1192.7, subd. (c)(8); § 667.5, subd. (c)(8)), or a defendant "personally use[s] a dangerous or deadly weapon" (§ 1192.7, subd. (c)(23)). In this case, the minute order packet did not provide any information as to whether Defendant's 2007 battery conviction involved the infliction of great bodily injury to a non-accomplice or the use of a dangerous or deadly weapon. As a result, the trial court's

4

finding must be overturned.  We accordingly remand for a retrial on this issue or for resentencing.  (*Monge v. California* (1998) 524 U.S. 721, 734 [double jeopardy does not bar retrial of non-capital sentencing proceedings].)

## III.   The *Pitchess* Motion

Defendant asks that we review the sealed transcript of the trial court's in camera *Pitchess* hearing to determine whether the court's ruling that no personnel records be disclosed was appropriate.  We have done so, and conclude there was no error.

## IV.   Crime Prevention Fine

The People argue that the trial court erred in not imposing the $10 crime prevention fine (along with an additional $31 in mandatory penalties and assessments) pursuant to section 1202.5, subdivision (a).  The People cite *People v. Castellanos* (2009) 175 Cal.App.4th 1524 (*Castellanos*), for the proposition that this issue may be raised for the first time on appeal.  Defendant responds that the People have waived their right to press this issue on appeal by waiting until now to object.

Whether the People have waived the right to challenge a trial court's non-imposition of fines or fees for the first time on appeal turns on whether the trial court had any discretion whether to impose that fine or fee.  If it did, we will presume that the non-imposition of the fine or fee was the product of the court's exercise of its discretion.  (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864 (*Sharret*).)  But if the trial court had no discretion (because the fine or fee is mandatory in every case), we cannot presume that the non-imposition of the fine or fee was the product of any discretionary decision.  (Accord, *Castellanos, supra*, 175 Cal.App.4th at p. 1532 [trial court imposed base fine or fee, but not penalties and assessments; non-imposition of penalties and assessments may be raised on appeal]; *People v. Corrales* (2013) 213 Cal.App.4th 696, 702 [same].)

A trial court may forego imposition of the crime prevention fine based on the defendant's inability to pay.  (§ 1202.5, subd. (a).)  As a result, this particular fine falls on the discretionary side of the above-described dichotomy.  (Accord, *Sharret, supra*, 191 Cal.App.4th at p. 864 [reviewing court will presume the trial court's non-imposition of a

fine was a discretionary decision when court had power not to impose fine due to defendant's inability to pay]; *People v. Walz* (2008) 160 Cal.App.4th 1364, 1369 [same].) The People are consequently barred from objecting for the first time on appeal.

## DISPOSITION

The true finding on the prior strike conviction allegation is reversed and the sentence is vacated. The case is remanded for a retrial on the prior strike conviction allegation if the People so elect, or for a new sentencing hearing if the People do not timely go forward on the prior strike conviction allegation. In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, P. J.
      BOREN


_____, J.
    ASHMANN-GERST