Filed 6/30/14  P. v. Pena CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOŚE LUIS PEÑA, JR.,<br><br>    Defendant and Appellant. | F067220<br><br>(Super. Ct. No. MF010280A)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Allison Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous, II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Cornell, Acting P.J., Gomes, J. and Sarkisian, J.†

†    Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant José Luis Peña, Jr., pled no contest to possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1) and possession of ammunition by a convicted felon (Pen. Code, § 30305, subd. (a); count 4).  He was sentenced to two years in prison.  On appeal, he contends that certain fines and fees must be stricken because the trial court failed to orally impose them at sentencing.  The People concede and we agree.

## DISCUSSION

### I.  Facts

The probation report recommended that defendant be required to pay various fines and fees, including restitution fines pursuant to Penal Code sections 1202.4, subdivision (b) and 1202.45, and a drug program fee pursuant to Health and Safety Code section 11372.7 (with a penalty assessment).

At sentencing, the trial court stated it had read and considered the probation report and recommendations.  The court sentenced defendant to two years in prison, then asked if there was "any objection to the fines and fees as recommended."  Defense counsel said there was not.  Without further describing the fines and fees, the court stated:  "They'll be imposed as recommended."

The abstract of judgment includes matching $280 restitution fines pursuant to Penal Code sections 1202.4, subdivision (b) and 1202.45, and a $390 drug program fee pursuant to Health and Safety Code section 11372.7, subdivision (a).

The clerk's minute order reflects the imposition of these fines and fee.

### II.  Analysis

The abstract of judgment must reflect the court's oral pronouncement of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.)  "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment."  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-389.)  If the clerk includes fines or fees in the minute order or on the abstract that were not orally

2

imposed, they must be stricken from the minute order and abstract.  (*Id.* at p. 388; *People v. Rowland* (1988) 206 Cal.App.3d 119, 124.)

An appellate court may not correct a *discretionary* sentencing choice regarding imposition of a fine or fee if the People fail to object in the trial court.  (*People v. Tillman* (2000) 22 Cal.4th 300, 303 (*Tillman*).)  Because such an error cannot be corrected "without considering factual issues presented by the record or remanding for additional findings," it may not be raised for the first time on appeal.  (*People v. Smith* (2001) 24 Cal.4th 849, 853 (*Smith*).)  Conversely, failure to impose a *mandatory* fine results in an unauthorized sentence that can be corrected at any time, even if the matter is raised for the first time on appeal.  (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1048, fn. 7; *People v. Walz* (2008) 160 Cal.App.4th 1364, 1369.)

The fines and fee at issue here were discretionary.  A restitution fine (Pen. Code, § 1202.4) "is mandatory unless the sentencing court, in the words of the statute, 'finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.'"  (*Tillman, supra,* 22 Cal.4th at p. 302; Pen. Code, § 1202.4, subd. (b).)  Thus, a restitution fine under Penal Code section 1202.4 is "a discretionary sentencing choice." (*Tillman, supra*, at p. 303; *Smith, supra,* 24 Cal.4th at p. 853.)  A corresponding parole revocation restitution fine (Pen. Code, § 1202.45) in the same amount is mandatory only if the restitution fine is imposed under Penal Code section 1202.4.  (*Smith, supra*, at p. 851.)  Thus, the trial court can decline to impose both fines.

Health and Safety Code section 11372.7, subdivisions (a) and (b) provide that the trial court shall impose a drug program fee for every conviction of an offense under the Health and Safety Code, provided that the court finds that the defendant has the ability to pay.  Therefore, the fine is also discretionary.  (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1516-1519.)

## DISPOSITION

The restitution fines pursuant to Penal Code sections 1202.4, subdivision (b) and 1202.45, and the drug program fee pursuant to Health and Safety Code section 11372.7, subdivision (a) (and accompanying penalty assessment) are stricken from the minute order and the abstract of judgment. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.