Filed 8/20/20  P. v. Rodriguez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELIAS HUMBERTO RODRIGUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B303428<br>(Super. Ct. No. 2019029287)<br>(Ventura County) |

Elias Humberto Rodriguez appeals from the judgment after he pled guilty to indecent exposure with a prior indecent exposure conviction (Pen. Code,[1] § 314, subd. (1)) and admitted allegations that he had suffered a prior strike conviction (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)) and served two prior prison terms (§ 667.5, subd. (b)).  At sentencing, the trial court struck the prior strike and one of the prison priors and sentenced Rodriguez to two years four months in state

_____

[1] Further statutory references are to the Penal Code.

prison.  The court also ordered him to pay a sex offender fine (§ 290.3) plus penalties and a surcharge, in the total amount of $1,200.

Rodriguez contends he is entitled to have the prior prison term enhancement stricken from his sentence.[2]  The Attorney General contends we should remand the case to permit the court to conduct a new hearing on the sex offender fine and associated penalties and surcharge.  We agree with both contentions, and remand.

FACTUAL AND PROCEDURAL HISTORY

Prosecutors charged Rodriguez with indecent exposure after police caught him masturbating outside an Oxnard business.  They also alleged that he had suffered a prior strike conviction for robbery and served prior prison terms for that conviction and another conviction for receiving stolen property.  Rodriguez pled guilty and admitted the allegations in exchange for a stipulated sentence of 16 months on the indecent exposure conviction plus one year on one of the prison priors.  The plea agreement stated that he could be ordered to pay a $500 sex offender fine, penalties totaling $27 for every $10 in fines imposed, and a surcharge equal to 20 percent of the base fine.

At the sentencing hearing, the trial court struck the prior strike and one of the prison priors and imposed the agreed-upon sentence.  The court also ordered Rodriguez to pay a sex offender fine of "$1,200 including penalty assessments," but did not state how it calculated that amount.  Neither Rodriguez nor

---

[2] Rodriguez was not required to obtain a certificate of probable cause to bring this appeal.  (*People v. Stamps* (2020) 9 Cal.5th 685, 694-698 (*Stamps*).)

the prosecutor objected to the calculation.  The fine, penalties, and surcharge are not listed on the abstract of judgment.

DISCUSSION

*Prior prison term sentence enhancement*

When the trial court sentenced Rodriguez, section 667.5, subdivision (b), required it to add one year to his sentence because of his prior term in prison.  (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681 [enhancement mandatory unless stricken].)  The Legislature subsequently enacted Senate Bill No. 136 (S.B. 136), which, effective January 1, 2020, limits the applicability of prior prison term sentence enhancements to prison terms served for sexually violent offenses.  (*Ibid*.)  The provisions of S.B. 136 apply retroactively to cases that are not yet final on appeal.  (*Id*. at pp. 681-682.)

Rodriguez contends he is entitled to relief under S.B. 136 since his prior prison term was not for a sexually violent offense and his case is not yet final.  We agree.  But we disagree that the proper remedy is to order the trial court to strike the prison prior and leave the remaining 16 months of Rodriguez's sentence intact.

S.B. 136 "'does not entitle defendants who negotiated stipulated sentences "to whittle down [their] sentence[s] 'but otherwise leave [their] plea bargains[s] intact.'"'" (*Stamps, supra,* 9 Cal.5th at p. 706.)  If Rodriguez elects to pursue S.B. 136 relief, the court may not simply strike the "enhancement but otherwise keep[] the remainder of the bargain." (*Id*. at p. 707.)  Once the enhancement is stricken, the court will be able to withdraw its approval of the plea agreement. (*Id*. at pp. 706-708.)  The prosecutor, too, will be able to withdraw from the agreement. (*Id*. at p. 707.)  Or perhaps the prosecutor will "agree to modify the

bargain to reflect [Rodriguez's preferred] downward departure in [his] sentence," and the court will approve the new plea. (*Ibid*.)

Given these potential outcomes, it is "ultimately [Rodriguez's] choice whether to seek relief under [S.B. 136]." (*Stamps*, *supra*, 9 Cal.5th at p. 708.) While he "has consistently argued on appeal that [S.B. 136] should retroactively apply to him, his argument has always been coupled with his claim that the proper remedy [is] to simply allow the trial court to reduce his sentence by [one year] while otherwise maintaining the remainder of the plea agreement." (*Ibid*.) Because we have rejected that claim, Rodriguez's "calculus in seeking relief under [S.B. 136] may have changed." (*Ibid*.) He should now "be allowed to make an informed decision whether to seek relief on remand." (*Ibid*.)

### *Sex offender fine, penalties, and surcharge*

The Attorney General argues we should remand the case to permit the trial court to recalculate the amount Rodriguez owes on his sex offender fine and the associated penalties and surcharge. We agree.

Normally, a party must object at trial to raise an argument on appeal. (*People v. Smith* (2001) 24 Cal.4th 849, 852.) But there is an exception for ""unauthorized sentences" or sentences entered in "excess of jurisdiction."' [Citation.]" (*Ibid*.) Such sentences cannot "'lawfully be imposed under any circumstance in [a] particular case,'" and are thus "reviewable 'regardless of whether an objection or argument was raised in the trial . . . court.' [Citation.]" (*Ibid*.) They present "pure questions of law"' and are ""clear and correctable" independent of any factual issues presented by the record at sentencing.' [Citation.]" (*Ibid*.)

4

Here, the trial court exercised its discretion and ordered Rodriguez to pay a $500 sex offender fine. (See *People v. Walz* (2008) 160 Cal.App.4th 1364, 1370 [fine mandatory unless court determines defendant does not have ability to pay]; see § 290.3.) It then added various penalties and a surcharge to that fine. But the total amount added—$700—does not conform to legal requirements. (See *People v. Voit* (2011) 200 Cal.App.4th 1353, 1373-1374 [listing required penalties and surcharges].) On remand, the court must recalculate that total, and hold a hearing to provide Rodriguez the opportunity to show that he does not have the ability to pay it. (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1249-1250.) At the conclusion of that hearing, the court must provide a detailed, on-the-record recitation of all of the fees it has imposed. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200 [though such a recitation "may be tedious, California law does not authorize shortcuts"].) The fine and its associated penalties and surcharge must then be set forth accurately in an amended abstract of judgment. (*Ibid*.)

DISPOSITION

The matter is remanded to the trial court with directions to:  (1) permit Rodriguez the opportunity to request relief pursuant to S.B. 136, (2) recalculate the penalties and surcharge imposed in conjunction with the sex offender fine, and (3) hold a hearing to provide Rodriguez the opportunity to prove that he does not have the ability to pay the recalculated total. The clerk of the court shall thereafter prepare a new abstract of judgment, and forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

6

Gilbert A. Romero, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.