Filed 6/18/25  P. v. Guevara CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE MANUEL GUEVARA,<br><br>    Defendant and Appellant. | 2d Crim. No. B336331<br>(Super. Ct. No. TA100162)<br>(Los Angeles County) |

Jose Manuel Guevara appeals following a Penal Code section 1172.75[1] resentencing.  He contends:  (1) the trial court abused its discretion in denying his motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*); and (2) the clerk's minutes and abstract of judgment must be corrected to accurately reflect the court's oral pronouncement.  We will order correction of the minute order and abstract of judgment.  We will otherwise affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

In our prior unpublished opinion modifying appellant's credits and affirming the judgment in all other respects (*People v. Guevara* (Apr. 25, 2000, B130432) [nonpub. opn.]), we summarized the trial evidence as follows:[2]

"During an afternoon in October 1998, [appellant] jumped over a stucco wall surrounding the yard and house owned by the Hendersons. No one was at home and all doors, sliding glass windows and gates were locked. Once in the yard, [appellant] broke into an enclosed patio through a sliding glass door. [Appellant] took a set of keys from inside the patio and unsuccessfully tried to open doors to the house with the keys. Then, [appellant] obtained gardening shears and pliers from the patio and tried to pry open doors to the house. Some of [appellant's] actions were witnessed by neighbors who called the police. The police arrived promptly and arrested [appellant] at the scene. Prior to the arrest, officers witnessed some of [appellant's] efforts to pry open doors. There was considerable damage to the house and grounds, including a broken lock on a gate and four damaged doors."

On March 1, 1999, a jury convicted appellant of first degree residential burglary (§ 459). In a bifurcated proceeding, the court found true a prison prior (§ 667.5, subd. (b)), a serious felony prior (§ 667, subd. (a)(1)), and eight prior convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The court sentenced appellant to 30 years to life in prison: 25 years to life on the burglary charge pursuant to the

---

[2] Respondent requested judicial notice of the reporter's transcript in appellant's direct appeal from his trial and conviction, case number B130432. Appellant did not oppose the request, and we grant it. (Evid. Code, §§ 452, 459.)

Three Strikes law, plus five years for the serious felony prior. The court stayed the one-year term for the section 667.5, subdivision (b) prison prior. The court imposed a restitution fine of $10,000 (§ 1202.4, subd. (b)) and a stayed parole revocation fine in the same amount (§ 1202.45).

On December 11, 2023, the trial court conducted a resentencing pursuant to section 1172.75. The court denied appellant's *Romero* motion to strike the prior strikes. The court struck the invalid section 667.5, subdivision (b) prison prior, as well as the section 667, subdivision (a)(1) five-year serious felony prior. Accordingly, the court resentenced appellant to 25 years to life. The court made no statements regarding fines.

## DISCUSSION

### *Alleged Abuse of Discretion*

Appellant contends the trial court abused its discretion in denying his *Romero* motion. We disagree.

Courts deciding *Romero* motions "'must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.'" (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) We review *Romero* motion denials for abuse of discretion. (*Id.* at p. 376.)

Such abuse of discretion occurs in limited circumstances—for example, "where the trial court is not aware of its discretion [to dismiss or strike under section 1385]; where [it] considers impermissible factors; or where applying the Three Strikes law would produce an arbitrary, capricious, or patently absurd result

3

under the specific facts of a particular case." (*People v. Dryden* (2021) 60 Cal.App.5th 1007, 1029.) "The [trial] court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

The trial court did not abuse its discretion. Appellant suffered eight strike prior convictions—two attempted residential burglaries, two residential burglaries, and four residential robberies. For one offense, appellant admitted personal use of a knife (§ 12022, subd. (b)). Although appellant was 21 years old when he committed the offenses in a short spree, these circumstances do not place appellant outside the Three Strikes scheme's spirit, especially given his continuous criminal conduct. Approximately seven months after receiving parole in his prior case, a 29-year-old appellant committed the current case's burglary. Even considering appellant's educational and rehabilitative efforts, his is not the "extraordinary case" in which failure to strike constitutes abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

*Restitution and Parole Revocation Fines*

Appellant contends the minute order and abstract of judgment contain a $10,000 restitution fine and a $10,000 suspended parole revocation fine (§§ 1202.4, subd. (b); 1202.45) that were not part of the court's oral pronouncement. Appellant argues those fines as "reflected on those documents must be stricken." Respondent agrees, as do we.

"When there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn. 3.) Here, the minute order and abstract of judgment list $10,000 restitution and parole

4

revocation fines (the latter stayed or suspended), but the court was silent as to both fines at appellant's resentencing. "Given the prosecution's lack of objection, any claim of error would be forfeited." (*People v. Burke* (2023) 89 Cal.App.5th 237, 244; see also *People v. Frederickson* (2020) 8 Cal.5th 963, 1027.) Therefore, we will order the court to correct the minute order and abstract of judgment by striking the fines.

DISPOSITION

The trial court is ordered to correct the minute order and abstract of judgment for the December 11, 2023 resentencing by striking the restitution and parole revocation fines (§§ 1202.4, subd. (b); 1202.45). The judgment is otherwise affirmed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

5

Tammy Chung Ryu, Judge
Superior Court County of Los Angeles

_____

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Scott A. Taryle, Supervising Deputy Attorneys General, for Plaintiff and Respondent.